| | |
|---|---|
| UNIVERSAL PRESERVACHEM, INC. a/k/a UNIVERSAL PRESERV-A-CHEM, INC.<br><br>Plaintiff,<br><br>vs.<br><br>COIM USA INC.,<br><br>Defendant. | **VERIFIED COMPLAINT** |

NOW COMES, Plaintiff Universal Preservachem, Inc. a/k/a Universal Preserv-A-Chem, Inc. ("Universal") and alleges as its complaint against Defendant Coim USA Inc. ("Coim") the following:

## INTRODUCTION

1. Universal imports, packages, distributes, and sells chemical ingredients for manufacturers of various products.

2. Coim's website advertises that it develops and produces polycondensation and polyaddition products and many other chemical specialties.[1]

3. In the regular course of the parties' relationship, Universal and Coim (collectively as the "Parties") contracted for the purchase and sale of certain raw ingredients.

4. However, despite Universal's complete performance and full compliance with the applicable contracts, and despite multiple and reasonable demands for payment, Coim failed to pay Universal for the full sums owed, which currently amounts to at least $169,395.10, which is accruing interest.

---

[1] *See* https://www.us.coimgroup.com/ (last accessed on July 30, 2024).

5. As of the filing of this Complaint and despite Universal's previous demands for payment, Coim has continued to ignore its obligation to satisfy the full balance of the past-due amount.

## PARTIES AND JURISDICTION

6. Plaintiff Universal Preserv-A-Chem, Inc. is a North Carolina corporation with its headquarters and principal place of business in Mebane, North Carolina.

7. Upon information and belief, Defendant Coim USA Inc. is a New Jersey corporation with its headquarters and principal place of business in West Deptford, New Jersey.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because it is a dispute between citizens of different states where the amount in controversy exceeds $75,000.00.

9. The Court has personal jurisdiction over Coim because the Parties engaged in and transacted business and contracted to purchase products within this judicial district.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the Parties engaged in and transacted business within and contracted to purchase products within this judicial district, or, alternatively, pursuant to 28 U.S.C. § 1391(b)(3) because Coim is subject to personal jurisdiction here. Specifically, the subject products relevant to this lawsuit were shipped from Mebane, North Carolina.

## FACTUAL BACKGROUND

11. Universal incorporates all foregoing paragraphs as if set forth fully herein.

12. On July 20, 2021, within the Parties' regular course of business, Coim submitted a purchase order—identified by P.O. Number 21/POR03708—for 41,400 pounds of Dipropylene

Glycol Low Odor and that it be shipped to its facility in New Jersey by August 20, 2021, for the purchase price of $99,360.00 (the "July Purchase Order").

13. Universal acknowledged the July Purchase Order and stated that the estimated ship date would be August 13, 2021, for 41,400.00 pounds of Dipropylene Glycol for $99,360.00.

14. On August 2, 2021, within the Parties' regular course of business, Coim submitted a purchase order—identified by P.O. Number 21/POR03923—for 42,300 pounds of Propylene Glycol and that it be shipped to its facility in New Jersey by September 7, 2021, for the purchase price of $81,216.00 (the "August Purchase Order").

15. Universal acknowledged the August Purchase Order and stated that the estimated ship date would be August 31, 2021, for 42,300 pounds of Propylene Glycol for about $81,216.00.

16. Accordingly, Universal packaged and shipped the products based upon the agreed upon terms.

17. On August 19, 2021, the Dipropylene Glycol that Coim ordered pursuant to the July Purchase Order was shipped and delivered from North Carolina and to Coim's facility in New Jersey.

18. On the same date, Universal invoiced Coim in the amount of $99,360.00 plus a $25.00 fuel surcharge for the payment and delivery of the products purchased by Coim under the July Purchase Order, which was marked as Invoice # 33678. This payment was due by September 18, 2021.

19. On September 1, 2021, the Propylene Glycol that Coim ordered pursuant to the August Purchase Order was shipped and delivered from North Carolina and to Coim's facility in New Jersey.

20. On the same date, Universal invoiced Coim in the amount of $81,216.35 plus the $25.00 fuel surcharge for the payment and delivery for products purchased by Coim under the August Purchase Order, which was marked as Invoice # 33891. This payment was due by October 1, 2021.

21. The Purchase Orders, Acknowledgements, and Invoices (collectively as the "Governing Contracts") constitute as valid contracts between the Parties.

22. The Governing Contracts detail the material terms of the contract, which were agreed upon between the Parties, including, *inter alia*, the name of the product, the purchase price, deadline delivery date of the products, payment deadline, and that balances past due will be subject to a finance charge of 1.5% per month.

23. On or around June 21, 2022, Universal processed a Bank of America check from Coim in the amount of $11,231.25 and applied it to the outstanding balance.

24. Currently there is a balance owed to Universal in the amount of $169,395.10 plus the accruing interest at the rate of 1.5% per month for the products that Coim purchased and Universal delivered in accordance with the Governing Contracts.

25. Coim failed to pay off the full balance owed despite Universal's ongoing demands for payment.

26. Sometime in or around June of 2021, Universal sent Coim a "Cyber Threat Awareness" notice, instructing Coim to "not accept any email communication from Universal Preserva Inc. [UPI], <u>related to any changes in wire payment instructions</u>" and that any such email is likely a "phishing attack". Therefore, Universal instructed Coim to instead reach out to its known Universal company contact to make direct payments to Universal in a secure manner.

27. Upon information and belief, Coim may have attempted to make payments to Universal. However, Universal never received the payments Coim purports to have remitted. Furthermore, Coim failed to reach out to a Universal company contact to make the direct payment in a secure manner and failed to take the reasonable and necessary steps to facilitate payment in a secure manner.

28. Upon information and belief, Coim's failure to take the reasonable and necessary steps to facilitate payment in a secure manner may have resulted in engagement with a phishing email, which could have been avoided, and submitted the purported payments to a third-party hacker. This error could have been prevented had Coim followed Universal's instructions and acted with greater care and diligence.

29. Regardless, Coim failed to remit payments to Universal and therefore Coim is in breach of the contract between the Parties.

30. Universal performed its obligations based on its reliance on Coim's representations that it would make full payments owed as it relates to the terms of the Governing Contracts.

31. In breach of the Governing Contracts, Coim failed to tender full payment, leaving a current balance of at least $169,395.10 plus interest, which is owed to Universal as required under the Governing Contracts.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

32. Universal incorporates all foregoing paragraphs as if set forth fully herein.

33. Universal and Coim entered into a valid contract for the purchase and sale of Propylene Glycol and Dipropylene Glycol and as set forth by the Governing Contracts.

34. Coim failed to tender full payments pursuant to the Governing Contracts amount of at least $169,395.10, which is accruing a finance charge of 1.5% per month.

35. Despite Universal's demand for payment in the amount of $169,395.10, Coim refused to do so.

36. As the direct and proximate result of Defendant Coim USA Inc.'s failure to pay all amounts due and owing under the Governing Contracts, Universal is damaged in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) plus all costs incurred in collection and reasonable attorney's fees as provided by law.

WHEREFORE, Plaintiff Universal Preservachem, Inc. a/k/a Universal Preserv-A-Chem, Inc. respectfully prays the Court as follows:

1. That it have and recover from the Defendant Coim USA Inc. actual and incidental damages—including, *inter alia*, payment—in excess of $169,395.10;

2. That it recovers from Defendant Coim USA Inc. the accrued interest of 1.5% per month, or the maximum rate permitted by law, whichever is lower, against the outstanding balance;

3. That the attorneys' fees and legal costs of this action be taxed against Defendant Coim USA Inc. as allowable by law;

4. For a jury trial on all issues so triable; and

5. For such other and further relief as the Court may deem just and proper.

**[Signature Page to Follow]**

This the 18th day of September 2024.

                                                  **NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:   /s/ Hannah D. Kays
        Brandon S. Neuman, NCSB # 33590
        Hannah D. Kays, NCSB # 50622
        301 Hillsborough Street, Suite 1400
        Raleigh, North Carolina 27603
        Telephone:   (919) 329-3800
        Facsimile:    (919) 329-3799
        brandon.neuman@nelsonmullins.com
        hannah.kays@nelsonmullins.com

7

4886-7904-5332 v.2

Case 1:24-cv-00763-UA-LPA   Document 1   Filed 09/18/24   Page 7 of 8

## VERIFICATION

I, Chris Huezo, as the General Manager and on behalf of Universal Preservachem, Inc. a/k/a Universal Preserv-A-Chem, declare that I have read the foregoing Verified Complaint and know the contents thereof, and that the same are true and correct to the best of my own knowledge, except to those matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

Sworn to and subscribed before me this the  17  day of  September, 2024.

Notary Public Signature

RANDALL DAVIS
Notary Public, North Carolina
Alamance County
My Commission Expires
September 23, 2026

Randall Davis
Notary Public (Print or Type Name)

My Commission Expires: 9·23·26

8