**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

UNIVERSAL PRESERVACHEM, INC.,  )
                           )
        Plaintiff,    )
                           )
        v.           )        1:24cv763
                           )
COIM USA INC.,           )
                           )
        Defendant.    )

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the undersigned United States Magistrate Judge for a recommendation on Defendant's Motion to Dismiss (Docket Entry 27) (the "Motion"). For the reasons that follow, the Court should deny the Motion.

**BACKGROUND**

In September 2024, Plaintiff Universal Preservachem, Inc. ("Universal-NC") initiated the instant action for breach of contract against Defendant Coim USA Inc. ("Coim") for allegedly failing to fully pay invoices in 2021. (See Docket Entry 1 (the "Complaint") at 1-7.) Invoking this Court's diversity jurisdiction (see id., ¶ 8), the Complaint alleges that "Universal[-NC] is a North Carolina corporation with its headquarters and principal place of business in Mebane, North Carolina" (id., ¶ 6; see also Docket Entry 3 at 2 (disclosing corporate citizenship in "North Carolina and New York")) and that Coim qualifies as a New Jersey

resident (see Docket Entry 1, ¶ 7).  Following the Court's partial dismissal of Coim's counterclaims (see Docket Entry 25 at 1), Coim moved to dismiss the Complaint (see Docket Entry 27).

According to the Motion, the Court should dismiss the Complaint "pursuant to Rule 12(b)(1) of the [Federal] Rules of Civil Procedure (the 'Rules') . . . for lack of subject matter jurisdiction," as "Universal-NC[] lacked standing to assert its claim[] when it filed this action because the [breach of contract] claim[] accrued before [Universal-NC] was incorporated on February 20, 2024."  (Docket Entry 27 at 1; see also Docket Entry 28 (the "Supporting Brief") at 1-8.)  The Supporting Brief elaborates:

> Universal-NC was formed during an attempt at a statutory conversion . . . of a fifty-six-year-old New York Corporation also named Universal Preservachem, Inc. ("Universal-NY").  If that conversion process had been completed properly, the newly formed North Carolina corporation would have been deemed to assume all property, liability, and actions owned by the converting New York corporation. . . .
>
> [However, w]hen Universal-NY attempted to convert into a North Carolina entity, it ignored the North Carolina law requirement that the conversion must be permitted by its state of incorporation, and that New York law *does not permit* a New York corporation to convert into a non-New York corporation.  Therefore, Universal-NY's attempted conversion failed, and none of its property, liability, and causes of action — including th[e breach of contract claim] asserted by Universal-NC in this matter — were assumed by Universal-NC. Universal-NC therefore lacks standing to assert the claim[] it has asserted in this matter, . . . which should be dismissed.

(Docket Entry 28 at 1-2 (emphasis in original); see also id. at 5 ("Under [North Carolina law], a foreign corporation may convert to

a North Carolina domestic corporation *only* if . . . '[t]he conversion is permitted by the laws of the state . . . governing the organization and internal affairs of the converting business entity'" (footnote omitted) (brackets and emphasis in original) (quoting N.C. Gen. Stat. § 55-11A-01)), 7 ("New York does not provide a statutory method to permit a New York corporation to convert or 're-domesticate' to another state without undertaking a corporate transaction with another entity." (citing N.Y. Bus. Corp. L. §§ 901-913)).)

In response, Universal-NC concedes that, despite its "good-faith effort to change its state of incorporation" (Docket Entry 30 (the "Response") at 1-2), "Universal-NY retains ownership of the [breach of contract] claim[] asserted in th[e Complaint]" (id. at 6). The Response nonetheless contends that "the proper resolution [of the Motion] should be to allow joinder of [Universal-NY as] the real party in interest . . . under Rules 17(a)(3) and 19" (id. at 1; see also id. at 9 (requesting that the Court "[p]ermit Universal-NY[] to join this action," "[d]eny [the] Motion," and "[g]rant [Universal-NC] time . . . to effectuate joinder or substitution of Universal-NY").)

Coim rejoins that "Universal-NC should be judicially estopped from taking the position that Universal-NY should be substituted as plaintiff" (Docket Entry 35 (the "Reply") at 1), given Universal-NC's "position . . . in other, currently pending litigation" (id.

at 3). The Reply alternatively contends (1) that the failed corporate conversion "could not have been the result of an understandable mistake" (id. at 8; see id. at 6-8), as required for Rule 17 relief (see, e.g., id. at 6 ("Rule 17's application is . . . limited to instances where the plaintiff's failure to bring the action in the proper name was the result of an 'understandable mistake.'")), and (2) that the Response's "request . . . to [join or] substitute Universal-NY as the proper [p]laintiff" (id. at 8) does not constitute "a motion . . . seeking relief" (id.) in compliance with "this Court's Local Rules," which "should be disregarded" (id.).

**DISCUSSION**

## I. Rule 12(b)(1) Standard

Under Rule 12(b)(1), a party may assert that a court lacks subject matter jurisdiction over a plaintiff's complaint, including by challenging a plaintiff's standing. See, e.g., White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005).[1] "When a Rule 12(b)(1) motion challenge is raised to the factual basis for

---

[1] "[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). As a constitutional matter, "standing contains three elements[:]" (1) "the plaintiff must have suffered an injury in fact," (2) "there must be a causal connection between the injury and the conduct complained of," and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted).

4

subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff," <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991), and "the district court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," <u>White Tail Park</u>, 413 F.3d at 459 (internal quotation marks omitted).[2]

Here, Universal-NC does not contest Coim's assertion that it lacks standing to assert the Complaint's claim for breach of contract. (<u>See</u> Docket Entry 30 at 1-10.) Instead, it requests that the Court deny the Motion and "allow joinder of [Universal-NY as] the real party in interest" (<u>id.</u> at 1). The undersigned therefore considers the parties' contentions as to that request.

## II. Analysis

### A. Judicial Estoppel

"Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation and is designed to prevent a party from playing fast and loose with the courts and protect the essential integrity of the judicial process." <u>Sedlack v. Braswell Servs. Grp., Inc.</u>, 134 F.3d 219, 224

---

2 To that end, Coim attached to the Motion five exhibits (<u>see</u> Docket Entries 27-1 through 27-5) related to the corporate status of Universal Preservachem, Inc. and its attempted conversion (<u>see</u> <u>id.</u>). In turn, Universal-NC attached to the Response a supporting affidavit from "the President of Universal Preservachem, Inc." (Docket Entry 30-1, ¶ 1). (<u>See</u> <u>id.</u> at 1-2.) Neither party contests the content of the exhibits. (<u>See</u> Docket Entries 30, 35.)

5

(4th Cir. 1998) (internal quotation marks and citation omitted).[3] The United States Court of Appeals for the Fourth Circuit requires "at least three elements to apply the doctrine," <u>King v. Herbert J. Thomas Mem'l Hosp.</u>, 159 F.3d 192, 196 (4th Cir. 1998), namely:

> (1) The party to be estopped must be asserting a position that is factually incompatible with a position taken in a prior judicial or administrative proceeding; (2) the prior inconsistent position must have been accepted by the tribunal; and (3) the party to be estopped must have taken inconsistent positions intentionally for the purpose of gaining unfair advantage.

<u>Id.</u>

"Because of the harsh results attendant with precluding a party from asserting a position that would normally be available to the party, judicial estoppel must be applied with caution." <u>Lowery v. Stovall</u>, 92 F.3d 219, 224 (4th Cir. 1996). In particular, courts refuse to apply judicial estoppel when "a party's prior position was based on inadvertence or mistake," <u>Martineau v. Wier</u>, 934 F.3d 385, 393 (4th Cir. 2019) (internal quotation marks omitted), and instead require bad faith, <u>see</u> <u>id.</u> (explaining that "judicial estoppel applies only when the party who is alleged to be estopped *intentionally* misled the court to gain unfair advantage"

---

3 "Although this is a diversity case, . . . federal law controls the application of judicial estoppel, since it relates to protection of the integrity of the federal judicial process." <u>Allen v. Zurich Ins. Co.</u>, 667 F.2d 1162, 1167 n.4 (4th Cir. 1982); <u>accord, e.g.</u>, <u>Heider v. Carr</u>, No. 3:21cv387, 2022 WL 4364731, at *2 n.5 (W.D.N.C. Sept. 21, 2022) ("Although this case is based on diversity jurisdiction, the federal judicial-estoppel doctrine applies.").

(internal quotation marks omitted) (emphasis in original)); see also, e.g., Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007) ("Without bad faith, there can be no judicial estoppel."); John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir. 1995) ("The determinative factor in the application of judicial estoppel is whether the party . . . intentionally misled the court to gain unfair advantage." (internal quotation marks omitted)).

According to the Reply, "Universal-NC's position that Universal-NY should be [joined or] substituted as plaintiff in this matter is diametrically opposed to the position it is actively asserting in other, currently pending litigation." (Docket Entry 35 at 3.) In particular, the Reply highlights a diversity-based lawsuit between Universal-NC and Dell's Cherries, a New York corporation, regarding unpaid 2021 invoices. (See id. at 3-4 (discussing Universal Preservachem, Inc. v. Dell's Cherries, Inc., No. 1:25cv5135 (E.D.N.Y 2025)).) In Coim's view, "if Universal-NC concedes that Universal-NY is the real party in interest in *that* [suit against a New-York-based defendant], it[s own New York citizenship] would destroy th[e parties'] diversity" (id. at 4 (emphasis in original)). Thus, Coim reasons, Universal-NC's "position in th[e instant] matter that Universal-NY is the real party in interest to assert any pre-conversion [i.e., pre-February-2024] claims[ ]. . . depend[s] on the *opposite* factual proposition for the continued assertion of its claims in *Dell's Cherries*" (id.

7

(emphasis in original)), and, as such, the Court should apply judicial estoppel to prevent "Universal-NC [from] hav[ing] it both ways" (id. at 5).

Even assuming Universal-NC's concession here "is factually incompatible with," King, 159 F.3d at 196, its position in Dell's Cherries, Coim fails to demonstrate both that another tribunal "accepted" that position, id., and the "determinative factor" of Universal-NC's bad faith, John S. Clark Co., 65 F.3d at 29 (internal quotation marks omitted). The Reply merely repeats allegations regarding Universal-NC's corporate citizenship in the Dell's Cherries complaint, without establishing that the Dell's Cherries parties litigated the issue or any court "adopted [Universal-NC's] position . . . as part of a final disposition," Lowery, 92 F.3d at 224 (internal quotation marks omitted). (See Docket Entry 35 at 3-5.)[4] Moreover, rather than an intentional effort to mislead, Universal-NC's allegations regarding its corporate citizenship likely reflect its attempted corporate conversion, suggesting the kind of "inadvertence or mistake" to which estoppel does not apply, Martineau, 934 F.3d at 393 (internal

---

4 In fact, a cursory review of the Dell's Cherries docket reveals no dispute over Universal-NC's corporate citizenship, see Dell's Cherries, No. 1:25cv5135, Docket Entries dated July 31, 2024, to present, as well as that, most recently, the parties jointly filed a notice of settlement, see id., Docket Entry 49 at 1 (E.D.N.Y. June 26, 2026), and stipulation of dismissal with prejudice of all claims, see id., Docket Entry 50 at 1 (E.D.N.Y. July 27, 2026).

8

quotation marks omitted).  "As such, the application of judicial estoppel is not appropriate here," <u>Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.</u>, 546 F. Supp. 3d 440, 450 (M.D.N.C. 2021), and the Court may consider the Response's contention that "the proper resolution [of the Motion] should be to allow joinder of the real party in interest[, Universal-NY,] under Rules 17(a)(3) and 19" (Docket Entry 30 at 1).[5]

### B.  Rule 17(a)(3)

Per Rule 17(a), "[a]n action must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1), that is, "the person who, according to the governing substantive law, is entitled to enforce the right in question," <u>House v. Mitra QSR KNE</u>

---

5  Coim identifies two additional cases in support of its estoppel contention.  (<u>See</u> Docket Entry 35 at 5-6.)  In the first, "Universal-NY . . . disclos[ed] that it was a New York corporation with a principal place of business in North Carolina" (<u>id.</u> at 5 (citing <u>Universal Preservachem Inc. v. Ampro Indus., Inc.</u>, No. 1:23cv1115, Docket Entry 4 at 2 (M.D.N.C. Dec. 21, 2023))), but "never filed an updated corporate registration" (<u>id.</u>) after its attempted corporate conversion (<u>see</u> <u>id.</u>).  In the second, filed "after the purported conversion[,] Universal [sic] alleged that it was a North Carolina corporation with a principal place of business in North Carolina, but its corporate disclosure stated that it was a citizen of both New York and North Carolina."  (<u>Id.</u> (citing <u>Universal Preservachem, Inc. v. Brady Enters., Inc.</u>, No. 1:24cv407, Docket Entries 1, 3 (M.D.N.C. May 16, 2024)).)  Per Coim, "[a]lthough the misstatements in the *Brady* and *Ampro* cases were most likely harmless given the opposing parties' domiciles in those cases, both instances are nevertheless indicative of Universal's chameleonic approach to its corporate citizenship."  (<u>Id.</u> at 6.) As with <u>Dell's Cherries</u>, however, Coim neither contends that a court <u>accepted</u> Universal-NC's position regarding its corporate citizenship as part of a final resolution nor asserts that Universal-NC <u>intentionally misled</u> any court to gain an unfair advantage.  (<u>See</u> <u>id.</u> at 5-6.)

<u>LLC</u>, 796 F. App'x 783, 786 (4th Cir. 2019) (internal quotation marks omitted). "Where the flaw in an action is the failure to bring suit in the name of the real party in interest, Rule 17 provides a remedy." <u>Id.</u> "Under Rule 17(a)(3), a court should allow for substitution of the real party in interest and may not dismiss the action 'until . . . a reasonable time has been allowed' for that substitution." <u>Id.</u> (ellipsis in original) (quoting Fed. R. Civ. P. 17(a)(3)); <u>see generally</u> Fed. R. Civ. P. 17(a)(3) ("The [C]ourt may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."). "After [such] ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3).

"[T]he language in Rule 17 allowing a party to cure a real party in interest defect before the case is dismissed for failure to sue in the name of the real party in interest is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." <u>Roanoke Props. Ltd. P'ship v. Dewberry</u>, Nos. 97–1905, 97–1991, 1999 WL 1032605, at *5, 201 F.3d 437 (table) (4th Cir. Nov. 15, 1999) (internal quotation marks omitted). "Where the [p]laintiff failed to name the real party in interest as a deliberate or tactical

10

maneuver, however, joinder or substitution is disfavored. The Court may also consider any possible prejudice to the defendant by allowing joinder substitution." Micro Focus (U.S.), Inc. v. Express Scripts, Inc., Civ. Action No. 16-971, 2019 WL 557080, at *8 (D. Md. Feb. 12, 2019) (citation omitted); see also O'Hara v. Nika Techs., Inc., Civ. Action No. 13-543, 2015 WL 993572, at *2 (D. Md. Mar. 4, 2015) (explaining that "Subsection (a)(3) was added simply in the interests of justice," with "the aim of . . . afford[ing] the real party in interest with an opportunity to prosecute the action" (internal quotation marks omitted)).

In Coim's view, Universal-NC's pursuit of claims actually belonging to Universal-NY "was [not the result of] an understandable mistake" because "it was [not] 'understandable' for Universal-NY to . . . fail[] to properly convert to a North Carolina corporation" (Docket Entry 35 at 7; see also id. at 7-8 (listing several reasons why "a company's choice of a state of incorporation is not to be taken lightly," and contending that "the importance of [such] factors should have been enough to spur Universal-NY to ensure that it complied with all legal requirements to properly change its corporate domicile")). That contention lacks merit.

To begin, the record does not suggest that Universal-NC "deliberate[ly]," Micro Focus, 2019 WL 557080, at *8, failed to name the proper corporate entity as the plaintiff; rather, the

11

record reflects Universal-NY's "good-faith effort to change its state of incorporation" (Docket Entry 30 at 1-2). (See, e.g., Docket Entry 30-1, ¶¶ 3-8 (averring to extent of operations in North Carolina since 2019, conversion efforts, continuity of operations throughout transition, and existence of "[i]nternal communications . . . describ[ing] the transition to North Carolina as a continuation of the existing business rather than the formation of a new entity").) Likewise, because the record indicates that Universal-NY, a New York entity headquartered in North Carolina, would retain complete diversity in an action against New-Jersey-based Coim, "it does not appear that [Universal-NC] brought the action in [its own] name rather than [Universal-NY's] name in order to create diversity jurisdiction," Miller v. Longacre, No. 98-2010, 1999 WL 34977, at *2 n.*, 172 F.3d 44 (table) (4th Cir. Jan. 28, 1999).

Additionally, "the fact that it took [Coim] approximately [thirteen] months to . . . challeng[e Universal-NC's] standing," Farb v. Federal Kemper Life Assurance Co., 213 F.R.D. 264, 267 (D. Md. 2003), during which time the parties briefed and received judgment on a separate dispositive motion (see Docket Entry 25 at 1), "demonstrates that [Universal-NC's] apparent lack of standing was not plainly obvious," Farb, 213 F.R.D. at 267, and that its failure to proceed on behalf of the real party in interest resulted from an understandable mistake. Cf. Software Automation Holdings,

12

<u>Inc. v. Insurance Toolkits, LLC</u>, No. 5:23cv140, 2025 WL 1840654, at *10 (E.D.N.C. July 3, 2025) ("By contrast, when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then Rule 17(a)(3) is not applicable and the action should be dismissed."). Finally, joinder of Universal-NY as the real party in interest would not prejudice Coim, as it would effectively "exchange [one] plaintiff . . . for another plaintiff. . . with identical claims," <u>Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc.</u>, 271 F.3d 164, 171 (4th Cir. 2001). As such, Rule 17(a)(3) counsels against dismissal, in favor of affording Universal-NC an opportunity to join the real party in interest, Universal-NY, pursuant to Rule 19(a).

### C. Rule 19(a)(1)

Under Rule 19(a),

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest . . . .

Fed. R. Civ. P. 19(a)(1)(B)(i).

In applying Rule 19, "courts must first ask whether a party is necessary to a proceeding because of its relationship to the matter," <u>Barnhardt v. Scottsdale Ins. Co.</u>, No. 1:13cv637, 2014 WL

13

98803, at *2 (M.D.N.C. Jan. 9, 2014).[6] "If a party is necessary, it will be ordered into the action." Id.; see also Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party."). However, "Rule 19 is [not] to be applied merely as a 'procedural formula.'" McKiver v. Murphy-Brown, LLC, 980 F.3d 937, 951 (4th Cir. 2020). "To the contrary, the decisions must be made pragmatically, in the context of the substance of each case, and courts must take into account the possible prejudice to all parties, including those not before it." Id. (brackets and internal quotation marks omitted).

Per Universal-NC, "joinder of Universal-NY would not deprive the court of [diversity] jurisdiction" (Docket Entry 30 at 8), but, "[i]f this action is dismissed[ pursuant to the Motion], Universal-NY will be time-barred from refiling its claim[]" (id. at 7 (citing N.C. Gen. Stat. § 25-2-725 (providing four-year statute of limitation for breach of sales contracts)); see also Docket Entry 1, ¶¶ 12-25 (alleging Coim's failure to pay invoices in 2021)). Coim disputes neither contention. (See Docket Entry 35 at 1-9.) The record, too, indicates that Universal-NY's joinder would not affect diversity jurisdiction (as explained above) and that disposing of the instant action in Universal-NY's absence would,

---

6 "[T]he fact that an absent person could bring the action as a real party in interest does not of itself make that person a necessary . . . party [under Rule 19(a)]." Moss v. Princip, 913 F.3d 508, 520 (5th Cir. 2019) (internal quotation marks omitted).

14

under Rule 19(a)(1)(b)(i), impair or impede Universal-NY's ability to protect its interest in pursuing its claim against Coim, given the apparent running of the applicable statute of limitations.[7] Nonetheless, Coim contends that, because "Universal-NC has [merely] filed a response brief" rather than "a separate [motion] and support[ing] . . . brief" (id. at 8 (citing M.D.N.C. LR 7.3(a))), the Court should "disregard[]" Universal-NC's request and "dismiss[]" its claim (id.).

"The Fourth Circuit recognizes the [C]ourt's authority to join a party sua sponte when 'the failure to join an indispensable party may bear so heavily upon jurisdictional or equitable considerations.'" Friends of DeReef Park v. National Park Serv., No. 2:13cv3453, 2014 WL 6908976, at *3 (D.S.C. Dec. 8, 2014) (brackets omitted) (quoting Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 692 (4th Cir. 1978)); see also Selman v. American Sports Underwriters, Inc., 697 F. Supp. 225, 231 (W.D. Va. 1988) ("Rule 19, which governs the joinder of parties, allows the addition of parties by order of the Court on motion of any party or

---

7 Although not directly addressed by either party, Universal-NY, though nominally separate from Universal-NC, also claims an interest in the instant litigation as a party to the allegedly breached contract, see National Union Fire Ins. Co. v. Rite Aid of S.C., Inc., 210 F.3d 246, 251 (4th Cir. 2000) (noting that the court's decision would "necessarily require it to interpret . . . agreements" between a party and the absent party), and Universal-NC's pleadings on its behalf "affirmatively indicate[]" that interest, Virginia Int'l Terminals, LLC v. Keystone Transp. Sols., LLC, No. 2:17cv537, 2018 WL 2054578, at *8 (E.D. Va. Apr. 5, 2018), recommendation adopted, 2018 WL 2050144 (E.D. Va. May 1, 2018).

15

of its own initiative at any stage of the action."). Indeed, upon finding a required party under Rule 19(a)(1), "the [C]ourt must order that the person be made a party," Fed. R. Civ. P. 19(a)(2) (emphasis added), a requirement in keeping with Rule 17(a)(3)'s prohibition on dismissal without allowing "the real party in interest [reasonable time after an objection] to ratify, join, or be substituted into the action," Fed. R. Civ. P. 17(a)(3); see also, e.g., Shahin v. United States, No. 8:20cv3242, 2021 WL 2949786, at *3 (D. Md. July 14, 2021) (noting "improp[riety of] dismiss[al] . . . for failure to include [real parties in interest] as named plaintiffs" and joining real parties in interest sua sponte).

More broadly, the Rules recognize that "[a] person may be added as a party at any stage of the action on motion or on the court's initiative." Fed. R. Civ. P. 19 Advisory Committee Notes, 1966 Amendment (citing "Rule 21"); see also Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). For example, the Court possesses "wide discretion under Rule 21 to join necessary parties absent a party's request to do so." Friends of DeReef Park, 2014 WL 6908976, at *3 (collecting cases). Moreover, "[t]he [C]ourt should be particularly willing to exercise its power [under Rule 21] to order a party brought into the action if the absentee's presence is

16

required under [Rule] 17(a) or [Rule] 19." 7 <u>Wright & Miller's Federal Practice & Procedure</u> § 1687 (3d ed.).

Because dismissal of the instant action, as noted above, would foreclose Universal-NY's opportunity to pursue its breach of contract claim against Coim, and because joinder of Universal-NY would not affect subject-matter jurisdiction or prejudice Coim, the record presents sufficient equitable considerations for the Court to join Universal-NY of its own accord.[8] The Rules require Universal-NY's presence and empower the Court to effect such presence, notwithstanding Universal-NC's failure to formally move for joinder in compliance with the Court's Local Rules. Moreover, the most "pragmatic[]" resolution of the instant dispute favors sua sponte joinder of Universal-NY, <u>McKiver</u>, 980 F.3d at 951 (internal quotation marks omitted), rather than requiring Universal-NC to formally pursue its joinder request through a separate motion. In short, because "joinder is feasible, the proper remedy [here] is joinder, not dismissal." <u>Reworld Sumter Indus., LLC v. VEP Env't, LLC</u>, No. 4:25cv5128, 2026 WL 1480383, at *5 (D.S.C. May 27, 2026).

---

[8] Amplifying the equitable considerations militating towards sua sponte joinder of Universal-NY, the Motion's exhibits reflect that Coim's counsel obtained confirmation of Universal-NY's continued New York existence in April 2025 (<u>see</u> Docket Entry 27-3 at 1-2), but waited until mid-October 2025, after the statute of limitations ran (<u>see, e.g.</u>, Docket Entry 30 at 7) and the Court dismissed one of Coim's counterclaims (<u>see</u> Docket Entry 25 at 1), to file the Motion (<u>see</u> Docket Entry 27 at 4).

17

**CONCLUSION**

Universal-NY constitutes the real party in interest on the plaintiff's side in this action and the Rules (and record) warrant sua sponte joinder.

**IT IS THEREFORE RECOMMENDED** that the Court join Universal-NY as a plaintiff in the instant action and deny as moot the Motion (Docket Entry 27).

This 31st day of July, 2026.

/s/ L. Patrick Auld        
**L. Patrick Auld**
**United States Magistrate Judge**

18